### DAVID ALSTON, vs. THE MECHANICS' MUTUAL INSURANCE COMPANY, in the city of Troy.

A plaintiff may amend his process and declaration by changing the form of action, from covenant to assumpsit, upon payment of costs of opposing motion only, where it appears the defendants did not raise the objection until the cause had been through a long course of litigation, and the defendants in the first place erroneously issued the instrument declared on, by not affixing their seal. The terms, in these amendments, are always discretionary with the court—each case depending upon its circumstances.

*Motion by plaintiff for leave to amend the summons and declaration in this cause, by converting them in to a summons and declaration in as-*

*sumpsit, upon the same policy of insurance declared on in this cause.*
—On the part of plaintiff, it appears this was an action brought
upon a policy of insurance, as an instrument under seal; the same being
issued by the defendants, and delivered to the plaintiff as a sealed instru-
ment. The action was commenced in January, 1839; the defendants
pleaded the 26th February, 1839; issue being joined, the cause was no-
ticed for trial 1st March, 1839, for the circuit held on the 3d Monday of
said March. The circuit judge, at said circuit, on motion of plaintiff,
made an order to refer said cause, which was opposed by defendants; but
reserving to said defendants the right to apply to this court to vacate
such order of reference. In June, 1839, the defendants moved to vacate
said order of reference, which was denied by this court; the circuit
judge subsequently appointed referees in the cause. The cause was tried
before said referees on the 15th November, 1839. The referees report-
ed specially in favor of the defendants, and in their report stated: "The
plaintiff produced in evidence, a policy of insurance, under the seal of
the defendants, which was admitted by the defendants' counsel to be
their deed, and was read in evidence on the part of the plaintiff."
Which said policy so referred to, is the same policy upon which this
suit is brought. Upon said special report of the referees, the motion to
set aside their report in favor of the defendants, was argued in this court
and denied. Said decision appears in 1st vol. of *Hill*, 510, and turned
entirely upon the questions raised and argued upon the reference. The
cause was subsequently carried by the plaintiff to the court of errors,
where the previous decision of this court, and the finding of the referees
in favor of the defendants were set aside and reversed. The cause came
on again for a hearing before the referees, on the 21st April, 1843.
On said hearing, the plaintiff's attorney produced and offered in evidence
the aforesaid original policy of insurance; whereupon the execution of
the said policy was again admitted by the attorney and counsel for the
defendants, without reservation or qualification; and the same read in
evidence as the deed of defendants, without objection, and without any
other proof than the admission aforesaid. Plaintiff closed his evidence
and rested his cause on the said 21st of April, 1843. The defendants
opened on the part of the defence, and introduced evidence, when the
further hearing was adjourned from time to time, until the 6th of May,
1843; on which day, the defendants' counsel, for the first time, insisted
that the said policy was not under seal; and upon that ground, with
others, argued to the referees that said plaintiff could not maintain his

action—the evidence was closed on said 6th May, 1843. The referees reported in favor of the plaintiff. The defendants moved this court to set aside said report, which was granted, entirely on the ground that said policy was not under seal. On the part of the defendants, it appears, that the plaintiff commenced this suit by original writ or summons in covenant. Defendants pleaded to the declaration, that the policy of insurance upon which this suit was brought, was not the deed of the defendants. The defendants allege that said policy of insurance was obtained from defendants by a false and fraudulent representation, as to the manner in which the plaintiff would use and keep the basement of the house, upon which said policy was effected. The defendants' attorney on first hearing, mainly relied upon the defence arising upon the merits out of such false representations, and principally directed his attention to that point in preparing for the trial; and upon this point, this court refused to set aside the report of the referees; which decision and the report of the referees, was subsequently reversed and set aside by the court of errors. On the second hearing, defendants state, that their attorney and counsel did not admit that the said policy was the deed of the defendants, but on the contrary, before the testimony in said cause was closed, and before the summing up of the same, both the attorney and counsel for defendants, distinctly stated and claimed before said referees, that under the aforesaid plea they should claim that said policy was not their deed, as the defendants had pleaded. The defendants insist the plaintiff's claim is unjust and unconscionable, and if allowed to mend his process and pleadings in this cause, will avail himself of a technical rule of law, as established by the court of errors, to recover a loss, which in the judgment of said referees and of this court, has been occasioned by a breach of good faith. The plaintiff, on 6th May, 1843, if not before, discovered his error; this was before the trial was closed, and he should then have applied for leave to amend. But having chose to go on and run the risk of the legal question raised, he can not now call it a mere inadvertence or mistake. It was a question upon which he took issue with the defendants, and he should not now be permitted to shift the responsibility of the result. Defendants cited the following cases in support of their position: 13 *J. R.*, 127, *Lynch* vs. *Mechanics' Bank;* 5 *Wend.*, 74; 1 *Chitty's Pleadings*, 284; 5 *J. R.* 402; 24 *Com. Law R.*, 75, *Green* et. al. vs. *Milton;* 4 *Barn. & Adol.* 369; 6 *Taunton*, 483; 6 *Cow.*, 668; 6 *Wend.*, *Miller* vs. *Watson;* 20 *Wend.*, *Flowers, Executors, &c.*, vs. *Garr.* The plaintiff insists the rule

to be well established that amendments will in all cases be allowed to promote equity between the parties; and where the matter really in controversy between the parties has been fully tried upon the merits, the court uniformly disregard objections not going to the merits, and allow amendments without costs. That in this case the merits have been tried, and found by the referees in favor of the plaintiff. He should be permitted to amend without costs, to avoid the formal objection taken by the defendants. The error in the form of action originated in a mistake which was occasioned by the fault of the defendants, and which they have, by their affidavits and admissions on the trial, and uniform conduct during a six years' litigation, induced the plaintiff to overlook; and after having been fairly beaten upon the merits, they now seek, by a resort to this formal objection, to charge the plaintiff with the costs which they have occasioned. Plaintiff cited the following cases : 2 *R. S.*, 2d ed., 343, 344; *Aylwin* vs. *Todd*, 27 *Com. Law ;* *Billing* vs. *Flight*, 6 *Taunton*, 419; *Billing* vs. *Pooley*, 6 *Taunton*, 422 ; *Avery* vs. *Merwin*, 6 *Cow.* 366; *Burlingame* vs. *Burlingame*, 7 *Cow.* 92; *Daley* vs. *Atwood*, 7 *Cow* 483; *Borst* vs. *Griffin*, 9 *Wend.* 309 – 311; *Carpenter* vs. *Payne*, 10 *Wend.* 604 ; *Oothout* vs. *Ledings*, 15 *Wend.* 410; *Weed* vs. *S. & S. R. R. Co.*, 19 *Wend.* 541 – 542; *Ryers* vs. *Wheeler*, 22 *Wend.* 148; *Gillet* vs. *Stanley*, 1 *Hill*, 121; *East Boston Timber Company* vs. *Perry*, 2 *Hill*, 126.

M. T. Reynolds, *Plffs Counsel.*      E. C. Litchfield, *Plffs Atty.*
S. Stevens, *Defts Counsel.*      D. L. Seymour, *Defts Atty.*

Nelson, Chief Justice.— The cases referred to in the plaintiffs' brief are full, to show that he is entitled to the amendment moved for; and that upon payment of costs of opposing motion only (See the cases there referred to). The cases in 6 *Taunton*, 419, 422, are very much in point as to the amendment; also in 1 *Bing. N. C.*, 170. When deciding this case on the motion to set aside the report, I felt that the objection to the form of action was, under the circumstances, an ungracious one, coming as it did for the first time at that stage of a very prolonged litigation; and am glad to find we have authority for relieving the party from the slip. Indeed I am of opinion that the company are mainly chargeable with the mistake : they put forth the paper as under their seal; and so all parties supposed, till late in the litigation, and acted accordingly. *Motion granted on payment of costs of opposing motion.* After deciding this case, my attention has been called to the case of *Downer* vs. *Thompson,* since published in 6 *Hill,* 377; as conflicting with the decision in

this one, in respect to the terms on which the amendment is allowed.    I have submitted the point to my brethren, and we are all of opinion that there is no conflict between the two cases, and that the disposition of this one is right.    In *Downer* vs. *Thompson,* the objection was taken the first opportunity by the defendant, thereby calling the attention of the plaintiff to it at once; who, notwithstanding, proceeded in the cause.    Here, the cause proceeded to trial, brought before this court upon other questions of law raised by the defendants, carried to the Court for the Correction of Errors, the judgment reversed with venire de novo; and then, on the new hearing, the objection started for the first time.    An objection strictly technical, going merely to the form of the action : during the whole of this protracted litigation, all parties assumed, and conducted the trial accordingly, that the policy was under the seal of the defendants; and I must say I think the defendants most in fault, having put forth the instrument as under seal in the first instance.    Of course, I do not mean to intimate there was any intentional wrong in the case; for I have no such belief; but the course of the proceeding has been such, that I think, upon a fair and proper view of it, the defendants are not entitled to receive the heavy accumulation of costs that have accrued by reason of their own neglect in putting forth the objection.    In all these cases of amendments, the terms are discretionary, depending upon the circumstances of each case.